# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Robin Fischer** ) | | |
| **Executor, of the Estate of Aaron Fischer,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| and ) | **No. 06 C 5649** | |
| ) | | |
| **Hartford Life Insurance Company,** ) | **Judge Ruben Castillo** | |
| ) | | |
| ) | | |
| **Defendant.** ) | | |

## MEMORANDUM OPINION AND ORDER

The estate of Aaron Fischer ("Mr. Fischer") is currently undergoing administration by the Probate Division of the Illinois Circuit Court of Lake County. On August 24, 2006, Robin Fischer, Executor of the estate ("Plaintiff"), filed a Petition with the state court requesting an Issuance of a Citation to Recover Assets against Hartford Life Insurance Company ("Hartford") pursuant to the Illinois Probate Act, 755 ILCS 5/16-1. (R. 1, Not. of Removal, Ex. A, Petition ("Pet.") at 1.) In the Petition, Plaintiff alleges that the insurance proceeds from Mr. Fischer's life insurance policy with Hartford should be estate property subject to administration by the probate court. (*Id.* at 3-4.) Hartford filed a notice of removal of the Petition to this Court on September 19, 2006, (R. 1, Not. of Removal), and Plaintiff timely filed a motion to remand back to state court. (R. 14, Mot. to Remand.) For the reasons discussed below, Plaintiff's motion to remand is granted.

## I.   Factual and Procedural Background

Plaintiff asserts that the decedent, Mr. Fischer, had a life insurance policy with Continental Assurance Company, which was transferred to Hartford Life Insurance Company on

or about July 1, 2000. (R. 1, Pet. at 1.) The Fischer Family Insurance Trust is listed as the beneficiary of the Hartford policy. (*Id.* at 4.) From July 2000 to July 2005, Mr. Fischer paid premium payments related to this policy. (*Id.*) In June of 2005, Mr. Fischer requested that Hartford waive his life insurance premiums due to his permanent total disability. (*Id.* at 2.) On September 23, 2005, Hartford sent Mr. Fischer a letter approving the premium waiver request, but also stating that Mr. Fischer's policy terminated on July 1, 2000. (R. 1, Pet., Ex. C, Hartford 9/23/05 letter.)

Mr. Fischer submitted the paperwork necessary to convert his policy to the premium waiver option on October 18, 2005. (R. 1, Pet., Ex. D, Not. of Conversion.) On November 4, 2005, Hartford sent a letter denying the request, claiming that Mr. Fischer's conversion request occurred more than 91 days from the termination date of the group coverage, which was the applicable time period for conversion of the policy. (R. 1, Pet., Ex. E, Hartford 11/4/05 letter.) Mr. Fischer died on December 2, 2005. (R. 1, Pet. at 3.)

Plaintiff, as executor of Mr. Fischer's estate, contacted the policy administrator seeking payment of Mr. Fischer's life insurance benefits. (*Id.*) On January 11, 2006, Hartford sent Plaintiff a letter stating that no benefit would be paid under the life insurance policy, as coverage had terminated on July 1, 2000. (Pet., Ex. F.) Hartford and/or its administrator, Marsh Affinity Group Services, then returned the $16,954.50 in premium payments Mr. Fischer had made since July 1, 2000. (R. 1, Pet., Ex. G, refund check.)

On August 24, 2006, Plaintiff filed the Petition for the Issuance of a Citation to Recover Assets against Hartford pursuant to the Illinois Probate Act, 755 ILCS 5/16-1 on the grounds that Hartford's cancellation of Mr. Fischer's life insurance policy was invalid and thus Hartford is

2

holding $300,000 in life insurance proceeds that belong to Mr. Fischer's estate. (R. 1, Pet. at 1-4.) The Illinois Probate Act created the citation to recover assets as a means for the representative of a deceased's estate to compel the court appearance of any person whom the petitioner believes possesses or controls any property belonging to the deceased's estate or any information needed for the recovery of such property. 755 ILCS § 5/16-1. Plaintiff's Petition also seeks damages under the Illinois Insurance Code, 215 ILCS 5/155, which provides that when an insurance company unreasonably delays settling a claim, the court may impose reasonable attorneys' fees and other costs, as well as penalties. (R. 1, Pet. at 5.)

The same day the Petition was filed, the state court granted the Petition and issued a Citation to Recover Assets against Hartford with a return date of October 2, 2006, later extended to October 23, 2006. (R. 16, Mem. in Supp. of Mot. to Remand, Ex. A., 8/24/06 order; Ex. B, 9/7/06 order; Ex. C, Citation to Recover Assets.) On October 18, 2006, rather than answer or plead in state court, Hartford filed its notice of removal of Plaintiff's Petition for a Citation to Recover Assets and the state court's subsequent Citation under 28 U.S.C. §§ 1441 and 1446. (R. 1, Not. of Removal at 1-2.)

## II. Analysis

In its notice of removal, Hartford asserts federal diversity jurisdiction and, in compliance with § 1332, sets forth the citizenship of the parties and the amount in controversy. 28 U.S.C. § 1332. Plaintiff does not dispute the elements upon which diversity jurisdiction is alleged. She argues, however, that Hartford's notice of removal is defective and, further, that this case falls within the probate exception to federal subject matter jurisdiction, leaving the Court without jurisdiction to hear this case.

## A. Legal Standard

Section 1441(a) permits removal by defendants of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc*, 985 F. 2d 908, 911 (7th Cir. 1993) (citations omitted). As the party seeking removal, Hartford has the burden of establishing this Court's jurisdiction. *Id.* Doubts about jurisdiction should be resolved in favor of remand. *Id.*

## B. Defective Removal

Plaintiff first argues that the matter should be remanded because the notice of removal was legally defective in two ways: (1) the case name provided on the notice was not the same as the case name used in the state court; and (2) the notice sought removal of the Petition for Issuance of a Citation, which was not the action pending against Hartford in the state court. These are both distinctions without a difference. There is no error in Hartford presenting the case to this Court as "Fischer v. Hartford" instead of "Estate of Aaron Fischer," as Hartford does not seek to remove Mr. Fischer's entire estate administration, but only the portion involving Hartford. In addition, the body of Hartford's notice of removal specifies the state court case from which Hartford wants to remove itself. Furthermore, Hartford's characterization of the action to be removed as the "Petition" does not invalidate Hartford's notice of removal. In removing the citation proceeding against it, Hartford properly attached to the notice of removal all process and orders served upon it, including the Citation to Recover Assets, as required by 28 U.S.C. §1446.

## C. Probate Exception

Nevertheless, Hartford's removal fails because the citation proceeding falls under the

4

probate exception to federal jurisdiction. The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 126 S. Ct. 1735, 1748 (U.S. 2006). Proceedings that are "ancillary" to the administration of the estate are also included within the probate exception because "allowing [the claim] to be maintained in federal court would impair the policies served by the probate exception." *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006). The Seventh Circuit explained that, in the interest of judicial economy, the federal court should "not try to elbow its way into the fight" over property already under the control of the state court. *Jones*, 465 F.3d at 307. Unlike federal courts, state probate courts employ specialized staff and procedures that have allowed them to develop a proficiency in handling probate-related disputes. *Id.*

Hartford argues that the citation proceeding does not fall within the probate exception because Plaintiff's Petition is a "straight-forward breach of contract claim." (R. 18, Hartford Opp'n Br. at 1.) In a citation proceeding to recover assets, a probate court is authorized to "determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires." *In re Estate of Hoellen*, 854 N.E.2d 774, 784 (Ill. App. Ct. 2006) (citing 755 ILCS 5/16-1(d)). Indeed, if a petition seeks the recovery of property, it "must make out cognizable legal claims against the respondent just like any other complaint," including, for example, claims of undue influence and breach of fiduciary duty. *Id.*; *see also In re Marriage of Ignatius*, 788 N.E.2d 794, 801-02 (Ill. App. Ct. 2003) (same). A citation on behalf of an estate pursuant to section 16-1 of the Probate Act, 755 ILCS 5/16-1, is a

means by which the court can order returned to the estate property of the decedent that is wrongfully withheld from it, including for reasons of breach. *In re Estate of Lashmett*, No. 4-06-0407, 2007 WL 80539, *3 (Ill. App. Ct. Jan. 9, 2007). The trial court's jurisdiction sitting in probate extends to all property of the decedent, no matter where or when it may be found. *Id.* Thus, Plaintiff's Petition against Hartford does not present a "straight-forward" breach of contract case; rather, Plaintiff's claim for breach is the legal basis supporting Plaintiff's claims for administration of Mr. Fischer's estate.

Furthermore, the petition for a citation to recover assets is a creature of the Illinois Probate Act, which provides:

> (a) Upon the filing of a petition therefor by the representative or by any other person interested in the estate or, in the case of an estate of a ward by any other person, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted or embezzled or to have in his possession or control any personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for the recovery of any property by suit or otherwise. The petition shall contain a request for the relief sought.

755 ILCS 5/16-1. The citation proceeding is a special administrative process with unique procedural and evidentiary rules designed by the Illinois legislature to allow expeditious estate administration and resolution of disputes over property that may or may not belong to the estate before the court. 755 ILCS 5/16-1. The citation proceeding is thus an example of the specialized probate-related proceedings that give rise to state courts' unique proficiency in handling probate disputes and exemplifies the modern justifications for the probate exception highlighted by Judge Posner in *Jones*. 465 F.3d at 307; *see also In re Estate of Lewis*, 128 F. Supp. 2d 573, 573-74

(N.D. Ill. 2001) (remanding case after insurance company attempted to remove plaintiff's citation to discover property, because citation "is not merely collateral to the probate proceedings or to the administration of the probate estate—on the contrary, it is at the core of those proceedings and that administration to ascertain the assets of the [] estate.")[1] Accordingly, we find that the probate exception applies.

### D. Removable Proceedings

Furthermore, under the federal removal statute, 28 U.S.C. § 1441(a), only civil actions may be removed under the federal removal statute. The statute states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). This means that only independent suits are removable. *Fed. Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1969); *see also Armistead v. C & M Transport, Inc.*, 49 F.3d 43, 46 (1st Cir. 1995) (same); *Eclipse Mfg. Co. v. U.S. Compliance Co.*, No. 05 C 5406, 2006 WL 42395, *1-3 (N.D. Ill. Jan. 4, 2006) (same); *Pinellas County v. Great Am. Mgmt. and Inv., Inc.*, 762 F.Supp. 221, 224 (N.D. Ill. 1991) (same). "A supplementary proceeding, a proceeding which is substantially a continuation of a prior suit, is not removable." *Quinn*, 419 F.2d at 1018. Although the Seventh Circuit has not specifically addressed the

---

[1] Hartford's citation to *Hoffman v. Sumner*, does not change this analysis. No. 05 C 7714, 2006 WL 1444677, at *1 (N.D. Ill. May 18, 2006). In that case, the district court denied the plaintiff's motion to remand where the defendants sought to remove a state court complaint seeking a declaratory judgment and alleging a state tort claim for conspiracy. *Id.* By contrast, Plaintiff in this case did not bring a separate action against Hartford; rather, the instant case involves a probate-specific procedural device important for the effective administration of the decedent's estate.

removability of the Illinois Probate Code's citation proceeding, it meets the definition of a supplementary proceeding. The citation proceeding is substantially a continuation of the estate administration, and therefore, is not removable.

In an analogous situation, the Seventh Circuit held that a citation to discover assets pursuant to 735 ILCS 5/2-1402 in a post-judgment civil proceeding is not an independent action and thus is not removable. *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996). Similar to the instant case, the supplementary nature of the proceeding was evident because no new case number or docket was assigned to the citation proceeding. *Id.*; *see also Eclipse Mfg.*, 2006 WL 42395, at *1-3 (remanding citation to discover assets under 735 ILCS 5/2-1402 back to state court because it is not an independent civil action that may be separately removed from the original case). Likewise, as the probate proceeding is not removable, neither is the citation to recover assets filed as part of the probate proceeding.[2]

### III. Conclusion

Because Hartford has not met its burden of proving that this Court has subject matter jurisdiction over the claims in the complaint, the case is remanded to the Circuit Court of Lake County, Illinois.

ENTERED: *[signature]*
Judge Ruben Castillo
United States District Court

Dated: May 2, 2007

---

[2] Because this Court has determined that remand to state court is necessary, we need not address Plaintiff's argument that we should use our discretion to abstain from this matter.

8